IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY CHESTER WILLIAMS | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1458-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Barry Chester Williams pleaded guilty to conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (c) (Count 1) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1)(A), and 924(c)(1)(B) (Count 4) (Docs. 57, 58, 59).  He was sentenced to 480 months' imprisonment, consisting of 360 months on Count 1 and 120 months on Count 4, ordered to run consecutively (Docs. 74, 78).

Now pending before the Court is Williams's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) and Motion to Appoint Counsel (Doc. 2).  For the following reasons, the motions are **DENIED**.

Background

In 2006, Williams and his co-conspirator participated in a six-day crime spree that involved robbing multiple people at gunpoint, carjacking vehicles, abducting a victim and holding him captive in the trunk of his car for four days, attempting to rape a victim, and the sexual assault of another victim.  *See United States v. Gooden et al*, Case No. 07-cr-30015-SMY, at Doc. 30; *see also United States v. Gooden*, 564 F.3d 887, 888-89 (7th Cir. 2009).  In February

2007, Williams was charged in a superseding indictment with: conspiracy to commit kidnapping, 18 U.S.C. § 1201(a)(1) and (c) (Count 1); kidnapping, 18 U.S.C. § 1201(a)(1) (Count 2); carjacking, 18 U.S.C. §§ 2, 2119 (Count 3); possession of firearm in furtherance of a crime of violence, 18 U.S.C. §§ 2, 924(c)(1)(A) & 924(c)(1)(B)(i) (Count 4); being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Counts 5 and 6); and transportation of short barreled shotgun in interstate commerce, 18 U.S.C. §§ 2, 922(a)(4) (Count 7) (Doc. 30).

Williams entered into a plea agreement and ultimately pleaded guilty to conspiracy to commit kidnapping, 18 U.S.C. § 1201(a)(1) and (c), and possession of a firearm in furtherance of a crime of violence,18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(I). Judgment was entered on November 30, 2007, and Williams did not file a direct appeal.

Williams filed this action under 28 U.S.C. § 2255 on June 6, 2024, challenging his sentence based on the Supreme Court's holding in *United States v. Davis*, 139 S.Ct. 2319 (2019) and *United States v. Taylor*, 596 U.S. 845 (2002).

## Discussion

Motions filed under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run from the latest of several possible dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(1)-(3). Williams challenges his conviction based on the Supreme Court's decisions in *Davis* and *Taylor*. The Court decided *Davis* on June 24, 2019, and *Taylor* on June 21, 2022. Because the one-year limitations period runs from the date on

which the right is recognized, Williams's habeas petition based on *Davis* was due by June 24, 2000, and his petition based on *Taylor* was due by June 21, 2023. *See Dodd v. United States*, 545 U.S. 353, 357-58 (2005). Thus, his petition filed on June 6, 2024, is clearly untimely.

The § 2255 limitations period is procedural and can be equitably tolled if a petitioner establishes that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999). Here, Williams does not proffer any justification for filing his petition almost one year after the expiration of the statute of limitations, nor does he establish that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

Accordingly, Williams's motion to vacate (Doc. 1) and motion to appoint counsel (Doc. 2) are **DENIED**. This action is **DISMISSED with prejudice** and judgment shall enter accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first obtain a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). This requires a finding that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Williams has not demonstrated that reasonable jurists would disagree with the Court's timeliness determination. Therefore, this Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**DATED: June 14, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**